**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL EVERETTS, <br><br> on behalf of himself and all others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> PERSONAL TOUCH HOLDING CORP., a Delaware corporation, <br><br>     Defendant. | Case No.: 2:21-cv-02061 (JMA) (ARL) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED**
**SECOND SUPPLEMENTAL MOTION FOR SERVICE AWARD AND AWARD**
**OF ATTORNEY'S FEES AND LITIGATION COSTS**

Plaintiff Michael Everetts ("Plaintiff"), pursuant to the Court's Minute Entry for proceedings held before Judge Joan M. Azrack on July 22, 2024 directing the filing of a supplemental fee application (ECF No. 47), files this supplemental fee application in support of his previous request for a service award and an award of attorney's fees and litigation costs, which includes a full discussion of those requests and the *Goldberger* factors that courts consider in analyzing requests for attorney's fees (ECF No. 40 and 41) (the "Initial Motion").[1] As the Court instructed, Plaintiff here calculates the overall value of the Settlement based not on the $3,000,000 aggregate cap that applied to Approved Claims for Attested Time and Out-of-Pocket Losses, but instead based on the actual value of these Approved Claims. Plaintiff also provides updated

---

[1] Unless otherwise noted, all capitalized terms are defined in the Settlement Agreement ("S.A."), which is attached to Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement (ECF No. 37) as Exhibit A (ECF No. 37-1).

lodestar information accounting for work performed since the Initial Motion and prior Supplemental Motion for Attorneys Fees (ECF No. 43) were filed.

**I.** **The proposed fee award is 14.6% of the overall Settlement value comprised of the value of Approved Claims for Attested Time and Out-of-Pocket Losses, the retail value of Approved Claims for Identity Theft Total Service, the cost of Business Practice Commitments, the costs of notice and administration, and the proposed fee award.**

If the Settlement receives final approval, PTHC will pay an aggregate cap of $3,000,000.00 for the following:

(i)     up to $7,500.00 per Exposure Class Member for unreimbursed costs or expenditures that are fairly traceable to the security breach, including (1) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's personal information; (2) other miscellaneous expenses incurred related to any Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, bank, and long-distance telephone charges; (3) credit monitoring or other mitigative costs that were incurred on or after January 20, 2021 (or the earliest verifiable date the security breach occurred) through the date of the class member's claim submission; and (4) unpaid time off work to address issues fairly traceable to the security breach at the actual hourly rate of that class member;

(ii)    for members of the Exposure Class with Out-of-Pocket Losses, payment for up to three (3) hours of time spent remedying issues related to the security breach at Twenty Five Dollars ($25) per hour;

(iii)   up to $125 per Non-Exposure Class Member for unreimbursed costs or expenditures that are fairly traceable to receipt of notice from Defendant of the

security breach;

(iv)    for members of the Non-Exposure Class with Out-of-Pocket Losses, payment for up to three (3) hours of time spent remedying issues related to the receipt of notice from Defendant of the security breach at Twenty Five Dollars ($25) per hour; and

(v)    settlement administration fees of $539,030.80 ($369,030.80 incurred to July 19, 2024 and $170,000.00 estimated to be incurred to complete administration of the settlement). Supplemental Declaration of Patrick Passarella of Kroll Settlement Administration LLC in Connection with Final Approval of Settlement ("Passsarella Decl.") ¶ 6, attached hereto as **Exhibit A**.

As of July 19, 2024, (1) the Exposure Class has submitted 893 Approved Claims for Attested Time with an aggregate estimated value of $60,275 and 4 Approved Claims for Out-of-Pocket Losses with an aggregate estimated value of $1,009.88 and (2) the Non-Exposure Class has submitted 586 Approved Claims for Attested Time with an aggregate estimated value of $36,925 and 1 Approved Claim for Out-of-Pocket Losses with an estimated value of $75. *Id.* ¶ 16. Accordingly, the aggregate value of claims for Attested Time and Out-of-Pocket Losses is $98,284.88.

PTHC will also separately pay the cost of two years of Identity Defense Total Service for members of both the Exposure Class and the Non-Exposure Class who make a claim for this benefit, subject to an aggregate cap of $67,000.00. As of July 1, 2024, the Exposure Class has submitted 620 Approved Claims for this benefit and the Non-Exposure Class has submitted 532 Approved Claims for this benefit, resulting in 1,152 total Approved Claims for this benefit. *Id.* Although the Non-Exposure Class is not entitled to such relief under the S.A., PTHC is willing to provide for those who asked for it despite the additional cost to PTHC. Each claim has a retail

value of $19.99/month * 24 months = $479.76. Declaration of Ryan D. Maxey, Esq. ("Maxey Decl.") ¶ 3, attached hereto as **Exhibit B**. Accordingly, the retail value of Approved Claims for this benefit is $552,683.52.

In addition to the monetary relief and Identity Defense Total Service, PTHC has taken and agrees to continue for 36 months an adjustment to its internal controls and systems to further secure its protected health information and personally identifiable information (the "Business Practice Commitments"). It is Class Counsel's understanding based on information provided by Defendant that the initial cost for PTHC's implementation of certain security was approximately $700,000, as follows: (i) $223,000 for enhanced email platform licenses, (ii) $38,193 for implementing multi-factor authentication, (iii) $67,880 for cybersecurity awareness training, (iv) $128,100 for endpoint detection, monitoring, and response systems, (v) $209,800 for additional dedicated security resources, (vi) $40,000 for annual risk management assessments and penetration testing by third-party. Maxey Decl. ¶ 4. In addition to these initial costs, PTHC incurred and will incur: (i) approximately $300,000 in man hours for implementing and maintaining these changes and (ii) approximately $700,000 in annual subscription fees and vendor charges, for a total approximate investment by PTHC of $1.7M to date. *Id.*

Altogether, the value of the Settlement, exclusive of any service award, attorney's fees, and litigation costs, is estimated at $2,889,999.20 (comprised of $98,284.88 in Approved Claims for Attested Time or Out-of-Pocket Losses, $552,683.52 in retail value of Approved Claims for Identity Theft Total Service, $1,700,000 in the cost to date and estimated future costs for the Business Practice Commitments, and $539,030.80 in past and estimated future notice and administration costs).

As explained in the Initial Fee Motion, (ECF No. 41 at 10), in *In re Hudson's Bay Co. Data*

*Sec. Incident Consumer Litig.,* 2022 WL 2063864 (S.D.N.Y. June 8, 2022), the Court explained that "any award of attorney's fees" is part of the "benefit to the class." *Id.* at \*22 (increasing total value of settlement to include attorney's fees). Adding the proposed attorney's fees award of $495,064.26 ($510,000 allowed under the Settlement minus $14,935.74[2] in litigation costs, including costs incurred to attend final hearing) to $2,889,999.20 increases the overall Settlement value to $3,385,063.46,[3] making the requested fee award 14.6% of the overall Settlement value, well within the acceptable range for attorney's fees awards in class action settlements.

## II.     The updated lodestar is $304,045.00, resulting in a lodestar multiplier of 1.62x based on the proposed fee award of $495,064.26.

In the Initial Motion, Plaintiff reported a lodestar of $247,282.50 ($229,762.50 for Morgan & Morgan and $17,520.00 for Maxey Law Firm). (ECF No. 41 at 11). On July 1, 2024, Plaintiff filed a Supplemental Motion for Attorneys' Fees (ECF No. 43) at which time Class Counsel had incurred an additional $14,032.00 in lodestar ($2,352.50 for Morgan & Morgan and $11,679.50 for Maxey Law Firm). Since that time, Class Counsel have incurrent an additional $42,730.00 in lodestar ($28,250.00 for Morgan & Morgan and $14,480 for Maxey Law Firm) associated with prepare for and attending the final hearing and preparing this supplemental fee application, resulting in total hours as follows:

*Morgan & Morgan*

| Name | Role | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Ryan Maxey | Attorney | 115.90 | $800 | $92,720.00 |
| John Yanchunis | Attorney | 66.3 | $1,600 | $106,080.00 |

---

[2] Litigation costs increased by $2,293.15 due to travel associated with the final approval hearing.
[3] For simplicity's sake, Plaintiff does not include the $14,935.74 in litigation costs and proposed service award of $2,500 in the overall value of the Settlement as they would result in a negligible reduction of the proposed fee award's percentage of the overall Settlement value.

| | | | | | |
|---|---|---|---|---|---|
| Patrick A. Barthle | Attorney | 41.0 | $800 | $32,800.00 |
| Kenya Reddy | Attorney | 27.1 | $1,000 | $27,100.00 |
| Jennifer Cabezas | Paralegal | 7.4 | $225 | $1,665.00 |
| | | | | **Total:** | $260,365.00 |

*Maxey Law Firm (since July 2023)*[4]

| Name | Role | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Ryan Maxey | Attorney | 54.6 | $800 | $43,680.00 |

Maxey Decl. ¶ 5.

**TOTAL HOURS: 312.3**

**TOTAL LODESTAR: $304,045.00**

This means a reasonable lodestar multiplier of 1.62x against the request for $495,064.26 in attorney's fees. *See Reynolds v. Marymount Manhattan Coll.*, No. 1:22-CV-06846-LGS, 2023 WL 6977635, at *2 (S.D.N.Y. Oct. 23, 2023) (data breach case deeming 1.1 multiplier "well within the range of reasonable multipliers" and citing cases allowing multipliers of 1.14 and 1.94, the latter deeming 1.82 the "median multiplier … in consumer cases").

The hours reported are easily justified by the underlying work. (ECF No. 41 at 12-13).

WHEREFORE, Plaintiff respectfully requests that the Court award the requested $495,064.26 in attorney's fees.

Dated: July 26, 2024                                    Respectfully submitted,

---

[4] Attorney Ryan Maxey started his own law firm in July 2023 but continued to work on this case.

*/s/ Ryan D. Maxey*
Jonathan Michael Sedgh
**Morgan & Morgan**
350 Fifth Avenue
Suite 6705
New York, NY 10118
212-225-6747
jsedgh@forthepeople.com

John A. Yanchunis
jyanchunis@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Ryan D. Maxey*
**MAXEY LAW FIRM, P.A.**
107 N. 11th St. #402
Tampa, FL 33602
(813) 448-1125
ryan@maxeyfirm.com

*\* admitted pro hac vice*

***Attorneys for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Ryan D. Maxey*