FILED
CLERK

3/28/2025 1:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MICHAEL EVERETTS,

on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PERSONAL TOUCH HOLDING CORP., a Delaware corporation,

    Defendant.

Case No.: 2:21-cv-02061 (JMA) (LGD)

**ORDER GRANTING (I) PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS AND (II) PLAINTIFF'S UNOPPOSED MOTIONS FOR SERVICE AWARD AND AWARD OF ATTORNEY'S FEES AND COSTS**

Before the Court are (i) Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (the "Final Approval Motion") (ECF No. 44) and (ii) Plaintiff's Unopposed Initial Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 40), Plaintiff's Unopposed Supplemental Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 42), and Plaintiff's Unopposed Second Supplemental Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 48) (collectively the "Fees, Costs, and Service Award Motions"). Having fully considered the issues, the Court hereby **GRANTS** both the Final Approval Motion and the Fees, Costs, and Service Awards Motions, and orders as follows, with modifications as set forth in the Court's written Order issued in conjunction with this Order:

    Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's January 22, 2024 Opinion & Order (ECF No. 39) granting, with one modification, Plaintiff's unopposed motion for preliminary approval of class action settlement

1

(the "Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Litigation with prejudice.

A Final Fairness Hearing was held on July 22, 2024. Counsel for the Parties appeared in person. No one appeared to object to the settlement.

Having heard the presentation of Class Counsel and counsel for Defendant ("PTHC"), having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Award Motions, and having reviewed the materials in support thereof, for the reasons stated on the record during the Final Fairness Hearing and for good cause appearing, **IT IS HEREBY ORDERED THAT:**

1. The Final Approval Motion and the Fees, Costs, and Service Award Motions are **GRANTED** as stated herein and with the modifications set forth in the Court's written Order issued in conjunction with this Order.

2. The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3. Jurisdiction: The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all parties thereto, including the Settlement Class.

4. The Settlement is Fair, Reasonable, and Adequate: The Court finds that the Settlement was entered into by the Parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive.

5. Class Certification for Settlement Purposes Only: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 753,107 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiff and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally certify the Settlement Class. PTHC retains all rights to assert that this Litigation may not be certified as a class action, other than for settlement purposes.

6. Class Definition: The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of (i) an Exposure Class consisting of individuals whose personally identifiable information or protected health information was potentially exposed in the security breach, and (ii) a Non-Exposure Class consisting of individuals whose personally identifiable

information or protected health information was not potentially exposed in the security breach, defined as follows:

> Settlement Class:
>
> [A]ll individuals who are a member of the Exposure Class or the Non-Exposure Class. The Settlement Class specifically excludes: (i) PTHC and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Breach or who pleads nolo contendere to any such charge.
>
> Exposure Class:
>
> "[A]ll individuals who received notice of the security breach that PTHC announced on or around March 24, 2021 and whose personally identifiable information or protected health information was potentially exposed in the security breach. The Exposure Class specifically excludes: (i) PTHC and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Breach or who pleads nolo contendere to any such charge.
>
> Non-Exposure Class:
>
> "[A]ll individuals who received notice from Defendant of the security breach that Defendant announced on or around March 24, 2021 and whose personally identifiable information or protected health information was not potentially exposed in the security breach." The Non-Exposure Class specifically excludes: (i) PTHC and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Breach or who pleads nolo

contendere to any such charge.

Excluded from the Settlement Class are: (i) PTHC and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Breach or who pleads nolo contendere to any such charge.

7. Class Notice: The approved Notice Program provided for the Postcard Notice to be mailed to all members of the Class who have been identified by PTHC through its records with a mailing address, and the Class Notice to be posted on the Settlement Website for those whose mailing addresses were not available within PTHC's records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Postcard Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Class Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries.

8. Findings Concerning Notice: The Court finds and determines that the Notice Program, preliminarily approved on January 22, 2024, and implemented on February 21, 2024, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via mail and the Settlement Website providing details of the Settlement, including the benefits

available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9. Appointment of Class Representatives: The Court appoints Michael Everetts as Class Representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

10. Appointment of Class Counsel: The Court appoints Plaintiff's attorneys John A. Yanchunis of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. as Settlement Class Counsel.

11. Exclusion from Class: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class. Of the 743,888 individual potential Class Members who were sent Notice, only three (3) have requested exclusion. These three individuals shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Litigation.

12. Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Litigation, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and costs award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and costs

award should not be granted, as set forth in the Court's Preliminary Approval Order. There were no objections filed in this case to the Settlement, the service award, or the attorneys' fees and costs award. Any Settlement Class Members who did not make their objections in the manner and by the date set forth in ¶ 11 of the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13. Release: Upon the entry of this Order, the Class Representative and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against PTHC and the Released Persons based on, relating to, concerning, or arising from the Data Breach and alleged theft or misuse of PII, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims as set forth in the Settlement Agreement.

14. Payment to Settlement Class Members and for Costs of Claims Administration: PTHC shall pay the balance of the approved Settlement Claims, up to $3,000,000.00 as set forth in paragraph 2.3 of the Settlement Agreement, to the Settlement Administrator, and the Settlement Administrator shall make all required payments in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved Settlement Claim. PTHC shall separately pay the Costs of Claims Administration in accordance with the Settlement Agreement, which shall also be subject to the $3,000,000 cap.

15. Payment for Identity Defense Total Service: PTHC shall separately pay the costs of approved Claims for Identity Defense Total Service, up to $67,000.00 as set forth in paragraph 2.5 of the Settlement Agreement, in accordance with the Settlement Agreement.

16. Service Award: Plaintiff moved for a Service Award, which PTHC did not oppose. Plaintiff requested a service award of $2,500.00. The Court finds that Plaintiff's request for a Service Award is fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Plaintiff's willingness to act as a class representative and assist Class Counsel in this litigation. Accordingly, Plaintiff is awarded a Service Award in the amount of $2,500.00. PTHC shall separately pay this amount in accordance with the terms of the Settlement Agreement.

17. Funds Held by Settlement Administrator: All funds held by the Settlement Administrator shall be deemed and considered to be in custodia legis of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

Dismissal with Prejudice: The above-captioned Litigation is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and the Court's written order issued in conjunction with this Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Final Judgment separately entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (ECF No. 44), Plaintiff's Unopposed Initial Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 40), Plaintiff's Unopposed Supplemental Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 42), and Plaintiff's Unopposed Second Supplemental Motion for Service Award and Award of Attorney's Fees and Litigation Costs (ECF No. 48) are **GRANTED**, with modifications as set forth in the Court's written Order issued in conjunction with this Order.

The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**DONE AND ORDERED** in Central Islip, New York on March 28, 2025.

/s/ JMA
───────────────────────────
**HON. JOAN M. AZRACK**
**UNITED STATES DISTRICT JUDGE**